United States District Court
Southern District of Texas

**ENTERED**

May 12, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **VALENTINA RAMIREZ-ZUNIGA** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-00805** |
| | § | |
| **MIGUEL VERGARA,** *et al.* | § | |
| | § | |
| **Respondents.** | § | |

## <u>ORDER</u>

Pending before the Court is Petitioner Valentina Ramirez Zuniga's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), challenging the lawfulness of her detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS).

Petitioner filed her Petition for Writ of Habeas Corpus on May 1, 2026. (Dkt. 1.) Petitioner is a noncitizen who has resided in the United States since November of 2022. (*See* Dkt. 1 at 5–6; Dkt. 6 at 2.) Petitioner was previously apprehended by DHS and then released from custody into the United States pending her immigration proceedings; Petitioner submitted an I-589 application for asylum and withholding of removal and has a pending form I-130 application. (*See* Dkt. 1 at 5–6.) In March of 2026 Petitioner was apprehended by immigration authorities. (Dkt. 1 at 5; Dkt. 6 at 2.) ICE took Petitioner into custody, and she has remained in immigration detention since. (Dkt. 6 at 2.) Petitioner argues she is being unlawfully detained subject to mandatory detention under 8 U.S.C. § 1225(b) in violation of her Fifth Amendment rights. (Dkt. 1 at 10.) She asks the

1 / 5

Court to order her immediate release or in the alternative, provide her with a bond hearing. (*Id*. at 12.)

On February 6, 2026, the United States Court of Appeals for the Fifth Circuit addressed the dispute over the statutory interpretation of 8 U.S.C. § 1225(b)(2)'s mandatory detention provision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). In the precedential decision, the Fifth Circuit determined that noncitizens apprehended in the interior who entered without inspection are "applicants for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore are not entitled to bond hearings under 8 U.S.C. § 1226(a). *Id.* at 498. The decision was limited to the statutory interpretation of the applicable provisions and left unresolved other claims brought by petitioners challenging their mandatory detention, including constitutional questions under the Due Process Clause. *Id.* at 508.

The Court ordered Respondents to respond to Petitioner's petition on or before May 8, 2026. (Dkt. 4.) Respondents filed a timely response addressing Petitioner's claims in light of the decision in *Buenrostro-Mendez*, (Dkt. 6). Petitioner filed a reply to Respondents response, (Dkt. 7). Upon review of Petitioner's case, the Court finds that Petitioner's due process claim presents nearly identical legal questions to those previously considered by the Court in *Bonilla Chicas v. Warden*, 2026 WL 539475 (S.D. Tex. Feb. 20, 2026) and *Strunin v. Garcia*, 2026 WL 958952, at *1 (S.D. Tex. Mar. 3, 2026), in which the Court determined that the petitioners' detention by ICE violated their rights under the Due Process Clause.

As is well established, the Fifth Amendment's Due Process Clause applies to noncitizens and guarantees rights in addition to those as set out by Congress in statute. *See Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or

2 / 5

permanent."); *Wong Wing v. United States*, 163 U.S. 228, 238 (1896) ("even aliens shall not be …

deprived of life, liberty, or property without due process of law"); *see also Yamataya v. Fisher*,

189 U.S. 86, 100-01 (1903); *Mathews v. Diaz*, 426 U.S. 67, 77 (1976). Moreover, "[f]reedom from

imprisonment—from government custody, detention, or other forms of physical restraint—lies at

the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690; *see also*

*Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) ("Freedom from bodily restraint has always been at

the core of the liberty protected by the Due Process Clause from arbitrary governmental action.").

For this reason, punitive civil detention violates due process. *See Kansas v. Hendricks*, 521 U.S.

346-57, 356 (1997); *United States v. Salerno*, 481 U.S. 739, 746 (1987). Civil immigration

detention is permissible only to the extent that it is reasonably related to the statutory purposes of

ensuring appearance at proceedings and protecting the community from danger. *See Zadvydas*,

533 U.S. at 690; *Foucha*, 504 U.S. at 72 ("Due process requires that the nature of commitment

bear some reasonable relation to the purpose for which the individual is committed." (citing *Jones*

*v. United States,* 463 U.S. 354, 368 (1983)). The Court reiterates that noncitizens who have

established a presence in the United States have a protected liberty interest and a right to freedom

from punitive civil detention that derives from the Constitution and guarantees due process

protections under the Fifth Amendment's Due Process Clause. *See Rodriguez v. Frink*, 2026 WL

709487, at *4–5 (S.D. Tex. Mar. 13, 2026).

Because Petitioner's legal claims are materially indistinguishable from those considered

by the Court in *Bonilla Chicas* and in *Strunin* and because Respondents have failed to offer

controlling precedent or reasoning that would justify reaching a different result in this case, the

Court is unpersuaded to alter its prior analysis of the issue. In accordance with its prior analysis,

the Court holds that because Petitioner is a noncitizen who previously entered the United States

without inspection and has established ties to the United States through her residency, the Due Process Clause of the Fifth Amendment guarantees Petitioner an individualized assessment of her flight risk and dangerousness and an opportunity to respond prior to detention by ICE. This conclusion is further supported by the growing number of district courts that have likewise found that mandatory detention of noncitizens who have established a presence in the United States violates their procedural due process rights. *See, e.g.*, *Vieira v. De Anda-Ybarra*, 2025 WL 2937880, at *7 (W.D. Tex. Oct. 16, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 687 (W.D. Tex. 2025) (collecting cases); *Hernandez-Fernandez v. Lyons*, 2025 WL 2976923, at *7 (W.D. Tex. Oct. 21, 2025); *Marceau v. Noem et al.*, 2026 WL 368953, at *2 (W.D. Tex. Feb. 9, 2026); *Clemente Ceballos v. Garite,* 3:26-cv-00312-DB, at *3 n. 2 (W.D. Tex. Feb 10, 2026); *Torres v. Hermosillo*, 2026 WL 145715, *5 (W.D. Wash. Jan. 20, 2026) (collecting cases); *Rincon v. Hyde*, 2025 WL 3122784, *2 (D. Mass. Nov. 7, 2025); *Mata Velasquez v. Kurzdorfer*, 794 F. Supp. 3d 128, 147, 151 (W.D.N.Y. 2025); *Rodriguez v. Bondi*, 3:26-cv-292 (W.D. Tex. Feb. 25, 2026).

Thus, the Court holds that because Petitioner's detention violates her rights under the Due Process Clause of the Fifth Amendment, she is entitled to equitable relief and that the appropriate remedy is Petitioner's immediate release from custody with additional safeguards against redetention.

## **CONCLUSION**

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **GRANTED**. Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment, (Dkt. 6), is **DENIED**.

1.      Respondents are **ORDERED** to **RELEASE** Petitioner from custody immediately, under reasonable conditions of release, and to submit a status report to the Court confirming Petitioner's release within 24 hours of the date of this Order.

2.      Respondents must notify Petitioner's counsel of the exact time and location of Petitioner's release **<u>no less than three hours</u>** prior to Petitioner's release from custody.

3.      Respondents must return any and all identification documents and personal belongings taken from Petitioner at the time of apprehension or during detention.

4.      If Petitioner is redetained, all applicable regulations and procedures must be followed, including that Petitioner be afforded an individualized assessment of Petitioner's flight risk and dangerousness as guaranteed under the Due Process Clause of the Fifth Amendment.

IT IS SO ORDERED.

SIGNED this May 12, 2026.

_____
Diana Saldaña
United States District Judge